IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

SEBELA PHARMACEUTICALS
INC., et al.,
    *Plaintiffs*,

v.

TRUPHARMA, LLC,

    *Defendant*.

No. 1:20-cv-01677-SB

Geoffrey G. Grivner, BUCHANAN INGERSOLL & ROONEY PC, Wilmington, Delaware; S. Lloyd Smith, James Wilcox, BUCHANAN INGERSOLL & ROONEY PC, Alexandria, Virginia.

*Counsel for Plaintiffs.*

John C. Phillips, Jr., Megan C. Haney, PHILLIPS, MCLAUGHLIN & HALL, P.A., Wilmington, Delaware; Don J. Mizerk, J. Aron Carnahan, Laurie A. Haynie, HUSCH BLACKWELL LLP, Chicago, Illinois.

*Counsel for Defendant.*

**MEMORANDUM OPINION**

May 5, 2021

BIBAS, *Circuit Judge*, sitting by designation.

Sebela Pharmaceuticals sells a medical cream. Compl. ¶¶ 11, 18, 27, D.I. 1. TruPharma sells a similar one. *Id.* ¶ 30. Because of that, Sebela (along with a distributer, Perrigo) sued TruPharma for false advertising and unjust enrichment. TruPharma has moved for judgment on the pleadings. I must analyze the motion "under the same standards that apply to a Rule 12(b)(6) motion." *Wolfington v. Reconstructive Orthopaedic Assocs. II*, 935 F.3d 187, 195 (3d Cir. 2019). Since Sebela's claims are conclusory, I will grant the motion and dismiss the complaint without prejudice.

## I. THE FALSE-ADVERTISING CLAIMS FAIL

First, Sebela brings six claims alleging that TruPharma has falsely advertised its cream as "a 'generic' equivalent of Sebela's." Compl. ¶ 31. Sebela says this is false: though the two creams are chemically similar, they are not perfect substitutes. *Id.* ¶¶ 45, 53.

Even if Sebela is right about the creams' differences, it has not plausibly alleged that TruPharma said they were equivalent. Sebela mentions only one incident: TruPharma's listing its cream in a drug database. In the database, the two creams are "linked" and listed in the same table. *Id.* ¶¶ 34–35, 38. Sebela claims that the creams are linked based on "representations of TruPharma to the" database. *Id.* ¶ 38.

But the database does not appear to contain a false statement. It does not say that two drugs are substitutes just because they are linked. Indeed, it says the opposite: that the creams are "not rated" by the FDA as equivalent. *Compare* Compl. ¶ 35, *with* D.I. 11-3, at 9, 11 (database user manual). To drive the point home, the database even

warns that it is only "a starting point for selecting generic drug products and must be used in conjunction with other [sources]." D.I. 11-3, at 4. (I may consider the user manual because it explains how to read the table copied in the complaint and is thus "integral" to it. *See Mele v. Fed. Rsrv. Bank of N.Y.*, 359 F.3d 251, 256 n.5 (3d Cir. 2004).)

Sebela replies that whatever the database says, the pharmacists, wholesalers, and insurers who use it will be tricked into thinking the drugs are substitutes. Compl. ¶ 39. But this "naked assertion" needs "further factual enhancement." *Bell Atl. Corp. v. Twombly*, 550 US. 544, 557 (2007). I cannot assume that the database's sophisticated audience will misuse it just because Sebela says so. Sebela must "explain *how* the [database is] supposed to have misled consumers in light of the whole context." *Wysong Corp. v. APN, Inc.*, 889 F.3d 267, 271 (6th Cir. 2018). And ideally, it should point to examples. *See Johnson & Johnson-Merck Consumer Pharms. Co. v. Rhone-Poulenc Rorer Pharms., Inc.*, 19 F.3d 125, 129–30 (3d Cir. 1994) (explaining that when an advertisement is not "literally false," a plaintiff must rely on "[p]ublic reaction" to show it is misleading under the Lanham Act).

Because the false-advertising counts are conclusory, I will dismiss them without prejudice. If Sebela files an amended complaint, it should point to specific statements by TruPharma and *explain* why they are false or misleading, not just assert that. Plus, if it continues to rely only on the database, it must plausibly explain why TruPharma—which does not appear to have any control over how the database is formatted—is responsible for any confusion.

## II. THE UNJUST-ENRICHMENT CLAIM FAILS

Next, Sebela sues for unjust enrichment. This claim is hard to follow and does not appear to relate to TruPharma's advertising. Instead, Sebela seems to argue that it took certain regulatory steps to get its cream on the market. Without those steps, Sebela suggests, TruPharma would be unable to sell its own cream. Compl. ¶¶ 127–133.

This does not plausibly state an unjust enrichment claim. At best, it shows TruPharma was *enriched*. But Sebela has not explained why the enrichment was *unjust*. So I will dismiss this claim without prejudice too.

\* \* \* \* \*

Because Sebela's claims are conclusory, I will grant the motion for judgment on the pleadings and dismiss them without prejudice.