IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

SEBELA PHARMACEUTICALS
INC., et al.,
      *Plaintiffs*,

v.                                   No. 1:20-cv-1677-SB

TRUPHARMA, LLC,

      *Defendant*.

---

Geoffrey Graham Grivner, BUCHANAN INGERSOLL & ROONEY P.C., Wilmington, Delaware; S. Lloyd Smith, James Wilcox, BUCHANAN INGERSOLL & ROONEY PC, Alexandria, Virginia.

                                                       *Counsel for Plaintiffs*.

John C. Phillips, Jr., Megan C. Haney, PHILLIPS, MCLAUGHLIN & HALL, P.A., Wilmington, Delaware; Don J. Mizerk, John Aron Carnahan, Laurie A. Haynie, HUSCH BLACKWELL LLP, Chicago, Illinois.

                                                       *Counsel for Defendant*.

---

**MEMORANDUM OPINION**

September 8, 2021

BIBAS, *Circuit Judge*, sitting by designation.

Market competition is good. Competitors are free to copy successful products as long as they do not steal, lie, or mislead. Though Sebela Pharmaceuticals claims that TruPharma misled pharmacists and consumers, it never plausibly alleges that TruPharma said anything false or misleading. So I dismiss its false-advertising claims with prejudice.

Sebela and TruPharma both sell a medical cream, each with the same active ingredients in the same strength. Am. Compl. ¶¶ 8, 10, 18, 28. Both companies list their creams in a pharmaceutical database. *Id.* The database "link[s]" the two creams as equivalent products. *Id.* ¶¶ 28, 38. Sebela says this caused pharmacists to substitute TruPharma's cream for its own, so it sued TruPharma for false advertising. I dismissed Sebela's first complaint. I gave Sebela leave to amend but told it to identify "specific statements by TruPharma and *explain* why they are false or misleading." D.I. 19, at 3. Sebela filed a new complaint with some more details. But they are not enough.

Sebela says repeatedly that TruPharma did something "false or misleading." Am. Compl. ¶ 54; *accord id.* ¶¶ 40, 44, 58. But it points to no statement that is false. It notes that TruPharma's cream is not an FDA-approved generic and has not been tested for bioequivalence (the same absorption rate). *Id.* ¶¶ 63–65. But it never alleges that anyone ever said TruPharma's creams "are AB-rated, therapeutically equivalent, bioequivalent, and/or FDA-approved generics to [Sebela's cream]." *Id.* ¶ 44. The only statements it quotes are that TruPharma's cream contains "Hydrocort[isone]-

2

Pramoxine" in a strength of "2.5-1%." *Id.* ¶ 28; *accord id.* ¶ 77. But Sebela never says that these statements are false.

Nor does Sebela plausibly allege that TruPharma's true statements are misleading. The closest it comes is a screen shot of a database that lists Sebela's cream as an "Equivalent Drug" for TruPharma's. *Id.* ¶ 77. But TruPharma's cream is indeed "pharmaceutically equivalent": as Sebela admits, it has the "exact same strength and active ingredients" in the same form. *Id.* ¶¶ 54, 64.

Yet Sebela insists that "equivalent" implies more: bioequivalence and FDA approval. *Id.* ¶¶ 62, 64, 65. The FDA has not approved TruPharma's cream. But Sebela gives no reason to think that pharmacists are confused, let alone misled. All it claims is that pharmacists substitute one cream for the other and that some states' laws forbid substituting drugs without FDA approval. *Id.* ¶¶ 44, 54, 76.

Citing its lower sales, Sebela argues that pharmacists substituted TruPharma's cream for Sebela's because TruPharma deceived them. *Id.* ¶¶ 92, 111. But substitution does not imply deception. As Sebela's own complaint shows, pharmacists substitute drugs based on cost. TruPharma's cream costs about half the wholesale or insurance price of Sebela's. *Id.* ¶ 28**; https://www.drugs.com/article/average-wholesale-price-awp.html (explaining industry abbreviations)**. Patients may choose the cheaper cream with the same active ingredients in the same strength because it is cheaper, not because they are fooled. *But see id.* ¶ 70. Insurers and pharmacy-benefit managers often "decide to only cover a cheaper drug that is pharmaceutically equivalent, even where there has been no showing of therapeutic equivalence." *Id.*

Plus, Sebela admits that "substitution will also occur even if a Drug Database states that TruPharma's [cream] is not an A- or AB-Rated generic" approved by the FDA. *Id.* ¶ 75. That admission punctures Sebela's case.

At best, Sebela has shown that pharmacists might be confused or misled. But pleading facts "merely consistent with" wrongdoing is not enough. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007). Its allegations are just possible, not plausible. I find it implausible that trained, licensed pharmacists are fooled. Far more likely, they are just heeding frugal patients, insurers, and pharmacy-benefits managers. That is not enough. *United States ex rel. Bookwalter v. UPMC*, 946 F.3d 162, 168 (3d Cir. 2019).

Even if Sebela plausibly alleged misleading statements, it would also have to show that TruPharma (rather than the database operators) made them. Last time, I told it to make this showing and explained that Sebela "does not appear to have any control over how the database is formatted." D.I. 19, at 3. Even so, it never alleges that *TruPharma* did anything confusing. That omission is fatal too.

\* \* \* \* \*

After two failed attempts, Sebela still cannot show that TruPharma advertised its product falsely. So I will grant TruPharma's motion to dismiss with prejudice.

4